**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BARNSTABLE COUNTY MUTUAL
INSURANCE COMPANY, a/s/o
CHRISTINE & JEFFREY RASMUSSEN,
     Plaintiff,
vs.

HAIER US APPLIANCE SOLUTIONS, INC.,
d/b/a GE APPLIANCES,
     Defendant.

CA No. 1:25-cv-12257-RGS

**STIPULATED PROTECTIVE ORDER**

This Stipulated Protective Order ("Agreement") is entered into by and between Barnstable County Mutual Insurance Company a/s/o Christine & Jeffrey Rasmussen ("Plaintiffs") and Haier US Appliance Solutions, Inc. d/b/a GE Appliances ("Defendant") (collectively, the "Parties").

The Parties recognize that disclosure and discovery in this matter may involve the production of confidential, proprietary, or private information. To protect such information, the Parties agree as follows:

1.    Any party or non-party producing or receiving information in the course of discovery in this action (hereinafter, the "Litigation") may designate such information as "Confidential" if and to the extent necessary to protect privacy interests.

    a.    Written information and/or "documents" as defined under the Federal Rules of Civil Procedure and corresponding case law, produced by the either party or any nonparty, may be designated "Confidential" by marking them conspicuously with the term "CONFIDENTIAL."

    b.    All documents obtained from third parties by subpoena will be shared promptly with the opposing party.

1

334669357v.1

c.    Deposition testimony may be designated "Confidential" by designating the portion of the transcript of the deposition that reflects the testimony within fifteen (15) days after counsel's receipt of the transcript.

2.    Access to information designated "Confidential" pursuant to section 1 above (hereinafter, "Confidential Information") shall be limited to:

a.    Counsel for the Parties, including in-house counsel and employees and agents of such counsel who are required to assist in the conduct of the Litigation;

b.    The parties themselves, including any officers, directors, employees or agents of the parties who have a reasonable need of access to the information in connection with the prosecution and/or defense of this Action;

c.    Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained to furnish technical or expert services, and/or to give testimony in this Action;

d.    The Court and court employees, court reporters and stenographic reporters, jurors and all persons necessary to the conduct of judicial hearings or the trial of the Litigation; and e. Any other person whom counsel collectively agree in writing or whom the Court directs may review the Confidential Information.

3. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Information, although a document may lose its confidential status if it is made public.

4.    Each person appropriately designated pursuant to paragraph 2(c) to receive Confidential Information shall execute an agreement to be bound by this Order in the form attached as Exhibit A.

334669357v.1

5.    By agreeing that a party may designate information as "Confidential" for purposes of the Litigation, the non-designating party is not entering into a binding admission as to the confidentiality of said information. If any party believes that a designation of any information as "Confidential" is inappropriate, the party may object to such designation and the Parties shall work together in good faith to resolve their disagreement regarding the appropriate designation of the information. If efforts to resolve the disagreement are unsuccessful, the matter shall be resolved by the Court and the party seeking the designation shall have the burden of demonstrating its necessity. However, the information at issue shall be treated as "Confidential" and subject to all of the restrictions of this protective order unless and until the parties agree or the Court orders otherwise.

6.    Any party desiring or intending to file with the Court any Confidential Information or any motion, brief, letter, transcript or other paper containing or describing any Confidential Information, shall do so only after filing and obtaining the Court's ruling on a motion for impoundment pursuant to L.R. 7.2. The Parties' confidentiality designations do not bind the Court. Therefore, a party seeking to file any document under seal must have good cause for asserting confidentiality beyond a mere designation of confidentiality under this order.

7.    If a party is seeking to file a document containing its own Confidential Information, it must provide specific reasons for the request. Before filing material designated by another party as confidential, counsel for the party intending to file the Confidential Information shall confer with counsel for the designating party as to whether filing under seal is necessary for the particular material at issue. If the parties so agree, Confidential Information not filed under seal will continue to be protected by this order. Otherwise, the filing party shall file a motion to seal and the designating party must file a statement supporting the request to seal within two weeks of the filing

3

of the motion to seal. The parties shall file in the public docket redacted versions of any proposed sealed filings. The parties shall also simultaneously submit unredacted courtesy copies of any proposed sealed filings to the Clerk's Office, clearly marked NOT FOR DOCKETING – COURTESY COPY – SEALED FILING.

8. Confidential Information exchanged in the course of the Litigation (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the pursuit or defense of the Litigation.

9. If any party is subject to contractual or other obligations not to produce or disclose documents or information requested by another party in this Litigation, the parties shall confer in good faith to try to agree on a solution that accommodates the discovery needs of the requesting party and the contractual or other obligations of the non-requesting party. If the parties are unable to agree on such a solution, any party may, by appropriate motion, request that the issue be resolved by the Court.

10. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

11. All provisions of this order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of the Litigation, unless otherwise agreed or ordered. Any party to this Protective Order may apply to this Court for modification of this order.

12. Within thirty (30) days of the conclusion of this Litigation, including but not limited to the latest of settlement, arbitration, judgment, and all rights of appeal being exhausted, Confidential Information and any copies thereof shall be returned to the producing party or

4

334669357v.1

certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

Stipulated and agreed:

Plaintiff,
Barnstable County Mutual Insurance Company a/s/o Christine & Jeffrey Rasmussen,
By Its Attorneys,

/s/ Praven Shenoy
Praven Shenoy, BBO # 653917
ps@shenoylaw.com
Shenoy Law LLC
45 Bristol Drive
South Easton, MA 02375
Telephone: (508) 565-8030

James T. Buchanan, BBO # 561098
Buchanan and Associates Attorneys at Law, P.C.
124 Washington Street, Suite 303
Foxboro, MA 02035
Telephone: (781) 255-0330
jtb@buchananassoc.com

Michael R. O'Malley, BBO # 542061
4 Court Street, Suite 212
Plymouth, MA 02360
omalleylegal@gmail.com

Defendant,
Haier US Appliance Solutions, Inc., d/b/a GE Appliances,
By its attorney,

/s/ Tracy M. Waugh
Tracy M. Waugh, BBO # 561762
Tracy.Waugh@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
Telephone: (617) 422-5300
Facsimile: (617) 423-6917

Dated: April 28, 2026

**IT IS SO ORDERED:**

4-29-2026
Dated

_Richard G. Stearns_
UNITED STATES DISTRICT COURT JUDGE

5

334669357v.1